UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GLENDA K. ASHFORD                              CIVIL ACTION

VERSUS                                         NO. 04-2214

FRANCES J. HARVEY, SECRETARY,                  SECTION "R" (4)
DEPARTMENT OF THE ARMY

### ORDER

Plaintiff Glenda Ashford, appearing *pro se*, moves for an extension of time to file her opposition to defendant's motion for summary judgment, which is set to be heard on the briefs on August 17, 2005.  Defendant does not object to the request for an extension.  For the following reasons, the Court GRANTS plaintiff's motion for an extension of time to file her opposition.

The pretrial conference in this action is scheduled for September 8, 2005, and trial for September 19, 2005.  Defendant filed a summary judgment motion on July 19, 2005, which is scheduled for hearing without oral argument on August 17, 2005.[1]

---

[1] The Court notes that the scheduling order required all pretrial motions to be filed in sufficient time to permit hearing

Local Rule 7.5E requires a party opposing a motion to file, in duplicate, a memorandum of the reasons advanced in opposition to the motion no later than the eighth calendar day prior to the noticed hearing date.  In this case, eight days before the noticed hearing date of August 17, 2005 is August 9, 2005.  That day is also the last day of the discovery period in this case. Plaintiff now seeks to continue the hearing date on defendant's motion for summary judgment under Rule 56(f) because she asserts that she needs additional time to respond to defendant's arguments and so that she can receive answers to a discovery request she apparently filed on July 15, 2005.  Plaintiff requests that her opposition be due on August 25, 2005.

If a non-moving party on a motion for summary judgment needs more time to obtain discovery, she may request a continuance pursuant to Federal Rule of Civil Procedure 56(f).  *See* FED. R. CIV. P. 56(f); *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266 (5th Cir. 1991).  Rule 56(f) provides

> **When Affidavits are Unavailable.**  Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

---

thereon no later than August 3, 2005.

2

Fed. R. Civ. P. 56(f).  A party who seeks additional time to conduct discovery under this Rule must (1) request extended discovery before the Court rules on summary judgment; (2) place the Court on notice that the party seeks further discovery; and (3) demonstrate to the Court with reasonable specificity how the requested discovery pertains to the pending motion.  *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1991).  To meet the third requirement, "[t]he nonmoving party must show how the additional discovery will defeat the summary judgment motion, that is, will create a genuine dispute as to a material fact... and 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts.'" *Int'l Shortstop*, 939 F.2d at 1267 (internal citations omitted).

    Here, the Court finds that plaintiff has complied with only two of the three requirements of Rule 56(f).  Plaintiff meets the first requirement because the Court has not yet ruled on the motion for summary judgment.  Plaintiff meets the second requirement because she notified the Court that she seeks further discovery in her pending motion.  Plaintiff fails the third requirement, however, because she does not demonstrate how the requested discovery will create a genuine dispute as to a material fact.  Further, the magistrate judge has already denied

plaintiff's request to extend the discovery deadline.[2] Accordingly, the Court denies plaintiff's motion for a continuance under Rule 56(f).

The Court, however, will grant plaintiff a brief extension of time to file her opposition. Granting such an extension will not prejudice the defendant.

Accordingly, the Court ORDERS plaintiff to file her opposition to the motion on or before August 17, 2005. Defendant's motion will be heard without oral argument on that day. The extension is granted with proviso that the remainder of the dates, including the trial date, not be disturbed.

New Orleans, Louisiana, this __3rd__ day of August, 2005.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff also requests that the Court compel defendant to answer discovery she has propounded. Motions to compel should be directed to the magistrate judge.